**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **JORGE GUTIERREZ #1799210,** | § | |
| **JAVIER GUTIERREZ, and** | § | |
| **SABINO GUTIERREZ** | § | |
| | § | |
| **V.** | § | **A-14-CA-211-LY** |
| | § | |
| **PATRICK McNELIS,** | § | |
| **PATRICK FAGERBERG, and** | § | |
| **THOMAS FAGERBERG** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Plaintiffs' Complaint and Motion to Transfer Venue. Plaintiff Jorge Gutierrez's motion to proceed in forma pauperis has been granted. Plaintiffs are proceeding pro se.

<u>STATEMENT OF THE CASE</u>

At the time they filed their complaint, Plaintiff Jorge Gutierrez was confined in the Allred Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff's brother Javier and father Sabino are joined as plaintiffs in this case. They sue criminal defense attorneys Patrick McNelis, Patrick Fagerberg and Thomas Fagerberg. According to Plaintiffs, they hired the Fagerbergs to represent Jorge in his state capital murder case in Texas and his federal drug case in Virginia. Plaintiffs allege the Fagerbergs breached their contract, took their money, failed

to pay Patrick McNelis and left Jorge without proper representation in either of his cases. As a result, Jorge and his family hired new counsel in Virginia and Texas at an additional expense. Plaintiffs filed a lawsuit against the defendants in state court but now move to "transfer venue" to this Court. Plaintiffs allege the three defendants have violated their constitutional rights, committed fraud, breached their contract and violated the Racketeer Influenced and Corrupt Organizations Act ("RICO").

DISCUSSION AND ANALYSIS

A.    <u>Standard Under 28 U.S.C. § 1915(e)</u>

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. <u>Green v. McKaskle</u>, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. <u>Haines v. Kerner</u>, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." <u>Farguson v. MBank Houston, N.A.</u>, 808 F.2d 358, 359 (5th Cir. 1986).

B.    <u>Habeas Claims</u>

To the extent Jorge alleges he received ineffective assistance of counsel in his criminal cases, he is raising a habeas corpus claim. Jorge may raise this claim in an application for habeas corpus relief pursuant to 28 U.S.C. § 2254, after he has exhausted his state court remedies, or in a motion

2

to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  The exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is habeas corpus relief.  Preiser v. Rodriguez, 411 U.S. 475, 488-490.  Accordingly, Jorge's habeas corpus claims, if any, should be dismissed without prejudice.

    C.    <u>Federal Claims</u>

        1.    *Civil Rights Claims*

The provisions of 42 U.S.C. § 1983 state that every person who acts under color of state law to deprive another of constitutional rights shall be liable to the injured party.  A civil rights plaintiff must show an abuse of government power that rises to a constitutional level in order to state a cognizable claim.  Love v. King, 784 F.2d 708, 712 (5th Cir. 1986); Williams v. Kelley, 624 F.2d 695, 697 (5th Cir. 1980), cert. denied, 451 U.S. 1019 (1981).  Section 1983 suits may be instituted to sue a state employee, or state entity, using or abusing power that is possessed by virtue of state law to violate a person's constitutional rights.  Monroe v. Pape, 365 U.S. 167, 184, 81 S. Ct. 473 (1961); accord, Brown v. Miller, 631 F.2d 408, 410-11 (5th Cir. 1980).  A private person may be amenable to suit only when the person is a willful participant in joint action with the State or its agents.  Dennis v. Sparks, 449 U.S. 24, 27 (1980).

An action which is essentially a tort claim for malpractice against appointed counsel cannot be brought under §1983.  See O'Brien v. Colbath, 465 F.2d 358, 359 (5th Cir. 1972); Shapley v. Green, 465 F.2d 874 (5th Cir. 1972).  Likewise, no claim under § 1983 can be brought against retained counsel because retained counsel does not act under color of state law.  Pete v. Metcalfe, 8 F.3d 214, 217 (5th Cir. 1993); Russell v. Millsap, 781 F.2d 381, 383 (5th Cir. 1985), cert. denied, 479 U.S. 826 (1986).  Contrary to Plaintiffs' arguments, the defendants are not state actors.

Plaintiffs' civil rights claims are also time-barred.  There is no federal statute of limitations for civil rights actions.  Piotrowski v. City of Houston, 51 F.3d 512, 514 n.5 (5th Cir. 1995); Henson-El v. Rogers, 923 F.2d 51, 52 (5th Cir. 1991), cert. denied, 501 U.S. 1235 (1991).  Therefore, the Supreme Court has directed federal courts to borrow the forum state's general personal injury limitations period.  Owens v. Okure, 488 U.S. 235, 249-50 (1989).  In Texas, the applicable limitations period is two years.  Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon 1986)).  Federal law determines when a civil rights cause of action accrues.  Gartrell v. Gaylor, 981 F.2d 254, 257 (5th Cir . 1993).  A cause of action under the civil rights statute accrues when the aggrieved party knows, or has reason to know of, the injury or damages which form the basis of the action.  Piotrowski, 51 F.3d at 516.

Jorge pled guilty in Virginia on November 1, 2011.  See United States v. Gutierrez, No. 1:10-CR-191-JCC (E.D. Va.).  At that time, he was represented by counsel other than the defendants.  Jorge knew or should have known at that time, if not sooner, of his claims.  Jorge did not mail his complaint to the Court using the prison mail system.  Therefore, his complaint is considered filed as of the date the Court received it on March 11, 2014, but the limitations period on any civil rights claim had expired on November 1, 2013.  Accordingly, Plaintiffs' civil rights claims are legally frivolous.  Claims asserted in an in forma pauperis complaint which are, on their face, barred by the applicable statute of limitations, are properly dismissed as frivolous.  Gonzales v. Wyatt, 157 F.3d 1016, 1019-21 (5th Cir. 1998); Gartrell, 981 F.2d at 256.  The Court may raise limitations sua sponte.  Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999).

4

2.      *RICO Claims*[1]

RICO imposes criminal and civil liability upon those who engage in "a pattern of racketeering activity" defined as "any act or threat involving" specified state-law crimes, acts indictable under various specified federal statutes, and other federal offenses. See 18 U.S.C. § 1961(1).  Section 1964(c) allows a private party who has sustained damages from a RICO violation, to recover those damages.  See 18 U.S.C. § 1964(c). To state a RICO claim, there must be: "(1) a person who engages in (2) a pattern of racketeering activity (3) connected to the acquisition, establishment, conduct, or control of an enterprise." Delta Truck & Tractor, Inc. v. J.I. Case Co., 855 F.2d 241, 242 (5th Cir. 1988).  Construing Plaintiffs' allegations liberally, they do not state an actionable RICO claim.  Plaintiffs fail to allege the requisite pattern of activity necessary to invoke the statute.

D.      State Claims

Plaintiffs assert various state law claims.  Pursuant to 28 U.S.C. § 1367, a district court generally has supplemental jurisdiction over claims that are so related to claims in the action which it has original jurisdiction that they form part of the same case or controversy.  However, a district court may decline to exercise supplemental jurisdiction over a claim if the court has dismissed all claims over which it has original jurisdiction.  Because the dismissal of Plaintiffs' federal claims is recommended, the District Court should decline to exercise supplemental jurisdiction over Plaintiffs' state law claims.

---

[1]Plaintiffs' RICO claims are not time-barred, as the limitations period for a RICO claim is four years.  Rotella v. Wood, 147 F.3d 438 (5th Cir. 1998), affirmed by, 528 U.S. 549 (2000).

E.      Motion to Transfer Venue

Plaintiffs initially filed a lawsuit against the defendants in state court.  They move to transfer their state case to this Court because the defendants are "state judicial officers, and the case matter was filed in the same practicing court in which the defendants conduct their business on a day to day basis."  They indicate they relied upon a jailhouse lawyer for advise when they filed their petition in state court.

Plaintiffs cannot transfer venue from a state court to a federal court.  Construing Plaintiffs' motion liberally, they are actually requesting that their state case be removed to federal court.  Plaintiffs' motion should be denied, because only defendants may remove a case from state court to federal court.  See 28 U.S.C. §§ 1441 and 1443.

RECOMMENDATION

It is therefore recommended that Plaintiff Jorge Gutierrez's habeas corpus claims be dismissed without prejudice and Plaintiffs' remaining federal claims be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).  It is further recommended that the Court decline to exercise supplemental jurisdiction over Plaintiffs' state law claims and deny Plaintiffs' Motion to Transfer Venue.

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiffs that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiffs from filing any lawsuits in this Court without first obtaining the permission from a District Judge

of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff Jorge Gutierrez should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders.  See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff Jorge Gutierrez be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the TDCJ - Office of the General Counsel and the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 20th day of March, 2014.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

8